# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

Crystina Armstrong,

       Plaintiff,

v.

JPMorgan Chase,

       Defendant.

_____

# COMPLAINT FOR DAMAGES PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ. AND JURY DEMAND

_____

1

## INTRODUCTION

1. Plaintiff Crystina Armstrong, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of JPMorgan Chase ("Defendant"), in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11.

3. Toward this end, Congress found that:

   > [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the time of call…." *Id*. at §§ 12-13. *See also*, *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

6. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

7. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

8. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant named.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 47 U.S.C. § 227(b), and 28 U.S.C. § 1367 for supplemental state law claims.

11. This Court has federal question jurisdiction because this action arises out of Defendant's violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740 (2012).

12. Venue is proper because Plaintiff is a resident of El Paso County, Colorado, and Defendant is subject to personal jurisdiction in Colorado as it conducts business there, and Defendant's conduct giving rise to this action occurred in Colorado.

## PARTIES

13. Plaintiff is, and at all times mentioned herein was, a resident of the City of Fountain, County of El Paso, State of Colorado.

14. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

15. Defendant has its principal place of business in the City of New York in the State of New York.

16. Defendant is, and at all times mentioned herein was a "person," as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

17. Between approximately February 20, 2017 and present Defendant called Plaintiff on Plaintiff's cellular telephone number ending in 2819 via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

18. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

19. When Plaintiff would answer the calls from Defendant, there would often be a silence, sometimes with a click or a beep-tone, before a live representative would pick up and start speaking.

20. Sometimes, Plaintiff would receive calls from Defendant in which the caller was a recorded voice or message, rather than a live representative.

21. Defendant called Plaintiff using multiple different phone numbers, including 847-XXX-9203 and 847-XXX-0195.

22. In total, Plaintiff has received at least 157 calls from Defendant on Plaintiff's cellular telephone.

23. These calls were incessant. Defendant often called between one to three times per day, almost every day.

24. Defendant did not have consent to call Plaintiff.

25. On or about February 22, 2017, Plaintiff clearly revoked any type of prior express consent, if prior express consent ever existed, by calling Defendant and telling Defendant's customer support specialist that Plaintiff no longer wished to be contacted by phone.

26. Specifically, Plaintiff identified her cell phone number and stated "please stop calling my cell phone on all accounts."

27. Despite Plaintiff's clear and unmistakable request, the calls continued without interruption. Plaintiff's written revocation terminated any express or implied consent that Defendants may have had prior to beginning its campaign of harassment by telephone.

28. Each of these calls was an attempt to collect on a consumer debt allegedly due and owing by Plaintiff for a credit card issued by Defendant.

29. The calls by Defendant to Plaintiff's cell phone continued, even after Plaintiff's clear oral revocation.

30. These calls were made by Defendant or Defendant's agent, with Defendant's permission, knowledge, control, and for Defendant's benefit.

31. Each telephone call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

32. As a result, the telephone calls by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1).

33. Through Defendant's actions, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

34. Plaintiff was personally affected, becoming frustrated and distressed that, despite telling Defendant to stop calling Plaintiff's cellular phone, Defendant continued to harass Plaintiff with collection calls using an ATDS.

35. The unrelenting, repetitive calls disrupted Plaintiff's daily activities and the peaceful enjoyment of Plaintiff's personal and professional life, including the ability to use Plaintiff's phone.

36. The calls placed by Defendant to Plaintiff were extremely intrusive, including Plaintiff's relationships with close family members. Specifically, Plaintiff began to ignore or send to voicemail many incoming calls from unknown numbers, out of frustration in dealing with Defendants' unwanted and intrusive calls. In doing so, Plaintiff missed important communications from friends and family.

### COUNT I
### NEGLIGENT VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT (TCPA)
### 47 U.S.C. § 227

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

39. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

40. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT (TCPA)
### 47 U.S.C. § 227

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. Each call after Plaintiff requested Defendant stop calling Plaintiff's cell phones constitutes a knowing and/or willful violation of the TCPA.

43. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

44. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

45. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT III
### VIOLATIONS OF THE COLORADO CONSUMER CREDIT CODE
### C.R.S. § 5-5-109

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. Defendant, or its assignor and/or predecessor in interest, entered into a "consumer credit transaction" with Plaintiff, as that term is defined in C.R.S. § 5-1-301(11), for goods or services for a personal, family or household purpose.

48. Each of these calls made by Defendant was an attempt to collect on a consumer debt that arose from a consumer credit transaction with Plaintiff.

49. Defendant engaged in unconscionable conduct in collecting a debt by calling Plaintiff at frequent intervals and/or unusual hours after Plaintiff specifically requested that the calls stop.

50. Plaintiff received approximately 157 calls, with at least one call every day, often up to three times per day, for several days in a row. The primary purpose of these incessant calls was to harass Plaintiff.

51. As a result, Plaintiff has sustained actual damages as described above.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

- Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

- Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

- A permanent injunction, restraining and enjoining Defendant from communicating with Plaintiff in a manner that violates 47 U.S.C. § 227;

- an award of costs of litigation and reasonable attorney's fees, pursuant to C.R.S. § 5-5-109, against Defendant; and

- any other relief the Court may deem just and proper.

## JURY DEMAND

52. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: September 19, 2017

Respectfully submitted,

By: /s/ Sarah T. McEahern
Sarah T. McEahern, Esq.
Joshua B. Swigart, Esq.
HYDE & SWIGART
1525 Josephine St.
Denver, CO 80206
Telephone: (303) 731-5493
FAX: (800) 635-6425
Email: sm@westcoastlitigation.com
josh@westcoastlitigation.com

Abbas Kazerounian
KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
FAX: (800) 520-5523
Email: ak@kazlg.com

Michael J. Manning
MANNING LAW APC
4667 MacArthur Blvd, Suite 150
Newport Beach, CA 92660
Telephone:(949) 200-8755
FAX: (866) 843-8308
Email: mike@manninglawoffice.com

*Attorneys for Plaintiffs*